UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 01-4095

WILLIAM BUSSEY,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-00-153)

Submitted: August 24, 2001

Decided: September 17, 2001

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Bussey appeals from his eighteen-month sentence imposed following his guilty plea to the offense of possession with intent to distribute marijuana in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Bussey's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the possibility that the sentence was improper and that counsel was ineffective based on a conflict of interest. Bussey was informed of his right to file a pro se brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm Bussey's conviction and sentence.

We find that Bussey's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Bussey was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

Bussey challenges the two-level enhancement for possession of a dangerous weapon. Sam Sellaro testified that Bussey asked him to take the gun to the drug deal, that Bussey knew that Sellaro took the gun, and that Sellaro understood that the gun was there in case something went wrong. We find no clear error in the district court's enhancement to Bussey's offense level for the possession of a dangerous weapon. *See United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989); *see also United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990) (providing standard).

Bussey also challenges the two-level enhancement for his leadership role in the offense. The evidence showed that Bussey arranged for the deal, recruited two other participants, and gathered money from a number of sources. Also, after viewing the videotape of the drug transaction, the district court found that it was clear that Bussey

was in charge. We therefore find no clear error in this determination. *See United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000) (providing standard).

We decline to review Bussey's claim that he was denied effective assistance of counsel due to counsel's alleged conflict of interest, because the face of the record does not conclusively show that counsel provided ineffective representation. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2000)), *cert. denied*, 528 U.S. 1096 (2000).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Bussey's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*